**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN D. CRAWFORD, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-0765 |
| v. | |
| CITADEL BROADCASTING | (JUDGE CAPUTO) |
| CORPORATION, by way of merger, | |
| CUMULUS MEDIA, INC., | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is Defendant Citadel Broadcasting Corporation ("Citadel"), by way of merger, Cumulus Media, Inc.'s ("Cumulus") Motion to Dismiss Plaintiff's Complaint. (Doc. 5.) Plaintiff John D. Crawford alleges that Defendant violated the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, by refusing to provide benefits under the terms of an employee benefit plan. In moving to dismiss Plaintiff's Complaint, Defendant argues that Plaintiff was not eligible for benefits under the plain language of the plan and he failed to exhaust available internal remedies before commencing this action. Because Plaintiff was not a participant of Defendant's plan and he failed to exhaust available internal remedies, Defendant's motion will be granted and the Complaint will be dismissed.

**I. Background**

The facts as alleged in Plaintiff's Complaint are as follows:

On or about July 31, 2006, Citadel hired Plaintiff as Director of Sales. (*Compl.*, ¶ 7.) The terms of Plaintiff's employment were memorialized in a Sales Manager Standard Agreement (the "Agreement"). (*Id*. at ¶ 8, Ex. A.)  The Agreement did not include or refer to a severance plan. (*Id*. at ¶ 9, Ex. A.)  Plaintiff was originally compensated at a base

salary of $80,000.00 and he eventually secured a raise of his base salary to approximately $84,000.00. (*Id*. at ¶¶ 10-11.)

On or about September 19, 2011, Citadel merged with Cumulus (the "Merger"). (*Id*. at ¶ 13.) Upon the closing of the Merger, certain existing full time employees of Citadel became subject to a severance pay plan (the "Plan"). (*Id*. at ¶ 13, Ex. B.) The Plan qualifies as an employee benefit plan within the meaning of ERISA § 3(3). (*Id*. at ¶ 14.)

The Plan was "designed to provide severance allowances to Full-Time Employees upon a qualifying termination of employment." (*Id*. at Ex., B.) The Plan provides that "the legal rights and obligations of any person having an interest in the Plan are determined solely by the provisions of the Plan." (*Ex. B*, 1.) A "Full-Time Employee" includes any "non-exempt or exempt employee of the Company . . . who is scheduled by his employer to work at least 40 hours per week on a regular basis but excluding (i) any employee with a personal services agreement or other written severance agreement, . . ." (*Id*. at 2.) The Plan also provides that "an employee is <u>not eligible</u> for severance pay in any of the following circumstances: . . . 7. The employee has an employment contract or personal services agreement (regardless of whether severance is specifically addressed therein)." (*Id*. at 2-3 (emphasis in original)). The Plan provides that:

> No person may bring an action for any alleged wrongful denial of Plan benefits in a court of law unless the claims procedures set forth above are exhausted and a final determination is made by the Plan Administrator. If the terminated employee or other interested person challenges a decision of the Plan Administrator, a review by the court of law will be limited to the facts, evidence, and issues presented to the Plan Administrator during the claims procedure set forth above. Facts and evidence that become known to the terminated employee or other interested person after having exhausted the claims procedure must be brought to the attention of the Plan Administrator for reconsideration of the claims determination. Issues not raised with the Plan Administrator will be deemed waived.

(*Id*. at 6-7.) And:

> The Plan Administrator will be the sole judge of the application and interpretation of the Plan, and will have the discretionary authority to construe the provisions of the Plan, to resolve disputed issues of fact, and to make

>   determinations regarding eligibility for benefits. The decisions of the Plan Administrator in all matters relating to the Plan that are within the scope of his/her authority (including, but not limited to, eligibility for benefits, Plan interpretations, and disputed issues of fact) will be final and binding on all parties.

(*Id*. at 7.)

Pursuant to the Merger, Plaintiff was terminated on November 9, 2011. (*Compl.*, ¶ 17.) Upon termination, Plaintiff sought certain severance benefits under the Plan based upon his compensation. (*Id*. at ¶ 19.) The benefits included wages, unreimbursed businesses expenses, and unreimbursed vacation pay. (*Id*. at ¶ 20.) Cumulus, however, denied payment of those benefits. (*Id*. at ¶ 21.)

As a result of the foregoing events, Plaintiff commenced this action on February 24, 2012 asserting a claim for enforcement of benefits pursuant to ERISA § 502(a)(1)(B). (*Compl*.) On July 2, 2012, Defendant filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 5.) Now, as the motion to dismiss has been fully briefed, it is ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The statement

3

required by Rule 8(a)(2) must give the defendant fair notice of what the ... claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555.  However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1949.

4

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id*. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

### III. Discussion

In moving to dismiss Plaintiff's Complaint, Defendant asserts two arguments. First, Defendant argues that the Complaint and the documents attached to the Complaint establish that Plaintiff was not a Plan participant or beneficiary. Second, Defendant contends that even if Plaintiff was a Plan participant or beneficiary, he failed to exhaust available internal remedies established by the Plan.

Section 502(a)(1)(B) of ERISA creates a civil cause of action for a plan participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." An action for benefits under an ERISA plan may be brought only by a participant in or beneficiary of an ERISA plan. 29 U.S.C. § 1102(a)(2); 29 U.S.C. § 1104(a)(1). Under ERISA, a "participant" is defined as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). An employee is defined by ERISA as "any individual employed by an employer."

29 U.S.C. § 1002(6).

According to the Third Circuit:

> A plaintiff must satisfy two requirements to establish participant status. First, the plaintiff must be a common law employee. Second, the plaintiff must be, according to the language of the plan itself, eligible to receive a benefit under the plan. An individual who fails on either prong lacks standing to bring a claim for benefits under a plan established pursuant to ERISA.

*Bauer v. Summit Bancorp.*, 325 F.3d 155, 160 (3d Cir. 2003) (internal citations omitted). Furthermore, ERISA does not require "that every employee is entitled to participate in a plan that [the employer] does decide to offer . . . : 'ERISA does not mandate that employers provide any particular benefits, and does not itself proscribe discrimination in the provision of employee benefits.'" *Id.* at 159 (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 91, 103 S. Ct. 2890, 77 L. Ed. 2d 490 (1993)).

In this case, the Plan provides that certain employees are not eligible to receive benefits. (*Compl.*, Ex. B.) Ineligible employees include those with "an employment contract or personal services agreement (regardless of whether severance is specifically addressed therein)." (*Ex. B*, 3.) And, as set forth in Plaintiff's Complaint, he agreed to a Sales Manager Standard Agreement with Citadel when he obtained his employment position. (*Compl.*, Ex. A.) Pursuant to the terms of the Plan, as Plaintiff had an employment contract with Defendant, he was not eligible to receive benefits under the Plan. Plaintiff, therefore, was not a Plan participant and he cannot maintain this action for enforcement of benefits.

Plaintiff attempts to avoid this conclusion by arguing that the Plan is ambiguous, and vague language in a contact is to be construed most strongly against the drafter under Pennsylvania law. (Doc. 11, 5.) However, as noted by Defendant, the Third Circuit has recently indicated that "every Court of Appeals to have addressed the issue has concluded that a court reviewing a benefits decision for abuse of discretion cannot apply the principle that ambiguous plan terms are construed against the party that drafted the plan." *Fleisher*

*v. Standard Ins. Co.*, 679 F.3d 116, 124 (3d Cir. 2012) (citations omitted).  And, while this Plan's language is not ambiguous, even if "a plan's language is ambiguous and the administrator is authorized to interpret it, courts 'must defer to this interpretation unless it is arbitrary or capricious.'" *Id*. (quoting *McElroy v. SmithKline Beecham Health & Welfare Benefits Trust Plan*, 340 F.3d 139, 143 (3d Cir. 2003)).  Here, as the Plan Administrator was the "sole judge of the application and interpretation of the Plan," (*Compl.*, Ex. B), and the Plan's language makes clear that employees with employment contracts or personal services agreements are ineligible for benefits, the Plan Administrator's decision to deny benefits to Plaintiff was not arbitrary or capricious.

Alternatively, Plaintiff argues that the Sales Manager Standard Agreement is not "an employment contract as contemplated by the Plan" because "it is not titled or listed as an employment contract, but rather a Sales Manager Standard Agreement addressed to Mr. Crawford in the form of a letter." (Doc. 11, 6.)  Plaintiff also asserts that the "Standard Agreement is not a true employment contract but rather simply a memorialization of terms regarding employment by Citadel." (*Id*.)  Plaintiff, however, ignores that the Sales Manager Standard Agreement sets forth a number of essential terms regarding Plaintiff's employment with Citadel, such as his duties and salary, and that the Agreement was signed by both Plaintiff and Defendant. (*Compl.*, Ex. A.)  Additionally, the Agreement contains provisions relating to the following: employment exclusivity; confidentiality; non-competition; non-solicitation; and arbitration. (*Id*.)  In light of the detail in this Agreement, the Sales Manager Standard Agreement qualifies as an employment contract as contemplated by the terms of the Plan.  Accordingly, Plaintiff was not a Plan beneficiary and he lacks standing to advance this action.

In addition, Plaintiff's claim is subject to dismissal because he failed to exhaust the internal remedies available under the Plan.  "'Except in limited circumstances . . . a federal

7

court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan.'" *Harrow v. Prudential Ins. Co of Am.*, 279 F.3d 244, 250 (3d Cir. 2002) (quoting *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990)).  While "[a] plaintiff is excused from exhausting administrative procedures under ERISA if it would be futile to do so," *Id*. (citing *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir. 1990)), in this case, Plaintiff does not allege in his Complaint, nor did he argue in his brief in opposition to Defendant's motion to dismiss, that exhaustion would be futile.[1]  While Plaintiff alleges that he "sought certain severance benefits under the Plan," (*Compl.*, ¶ 19), absent from the Complaint are any allegations that he complied with the Adverse Benefit Determinations or Appeal of Adverse Benefit Determinations procedures outlined in the Plan. (*Id*. at Ex. B.) Thus, similar to the plaintiff's complaint that was dismissed by the district court and affirmed by the Third Circuit in *Bennett v. Prudential Ins. Co.*, 192 F. App'x 153, 155-56 (3d Cir. 2006), Plaintiff has not alleged that he exhausted his administrative remedies, nor has he provided any indication that exhaustion would have been futile and his claim would have been denied had he followed the Plan's appeals procedure.  Accordingly, as with the plaintiff in *Bennett*, Plaintiff's Complaint will be dismissed because he has failed to exhaust his administrative remedies.

Lastly, Plaintiff will not be permitted the opportunity to amend his Complaint. Although the Third Circuit has instructed that if a complaint is vulnerable to a 12(b)(6) dismissal, the district court must permit a curative amendment, a court need not grant leave to amend if amendment would be inequitable or futile. *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 237 (3d Cir. 2008); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir.2000)).  In this case, because

---

[1]  In fact, Plaintiff did not even address Defendant's failure to exhaust argument when he responded to Defendant's motion to dismiss.

the documents presented by Plaintiff establish that he has no claim for the enforcement of benefits under ERISA § 502(a)(1)(B), amendment would be futile. The Complaint will therefore be dismissed with prejudice.

## IV. Conclusion

For the above stated reasons, because Plaintiff was not a Plan participant and he failed to exhaust available internal remedies, Defendant's motion to dismiss Plaintiff's claim for enforcement of benefits pursuant to ERISA § 502(A)(1)(B) will be granted and the claim will be dismissed with prejudice. However, Defendant's request for costs and fees will be denied.

An appropriate order follows.

August 24, 2012  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge